# UNITED STATES BANKRUPTCY COURT

# IN AND FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| In re JOSEPH A. PENCE<br>and LYNN FLANERY PENCE,<br><br>Debtors. | Chapter 7 Proceedings<br>Case No. 04-07794-PHX-CGC<br><br>UNDER ADVISEMENT DECISION<br>RE: OBJECTIONS TO SALE AND<br>MOTION TO STAY SALE |

Kathryn G. Pence, a partner in Pence Farms, a Kentucky general partnership, objects to the Trustee's sale of Debtors' 20% interest in Pence Farms on the ground that the partnership interest is subject to a restriction on its transfer. Specifically, Ms. Pence argues that the partnership and its partners hold a right of first refusal to Debtors' 20% interest, such that the property cannot be sold without the partnership and its partners being given the option to purchase the property first. The issue is whether a partner in a partnership with a debtor can seek to enforce an option to purchase contained in the partnership agreement.

Paragraph 12 of the Partnership Agreement of Pence Farms is dispositive and governs the partnership's and the partners' option to purchase the property upon withdrawal of one of the partners from the partnership:

> The partnership itself shall have first option, and the remaining partners (proportionately) shall have a second option, to purchase the withdrawing partner's interest in the partnership. . . . The purchasing party shall serve notice in writing of such election to purchase upon the withdrawing partner at the office of the partnership within two months afer receipt of his or her notice of intention to withdraw.

In turn, subsection C provides that the bankruptcy of a partner is deemed an "election to 'withdraw' for all purposes of this agreement."

The Trustee presents two arguments in response to Ms. Pence's objection: 1. that neither the partnership nor any of the partners timely exercised their option to purchase; and 2. that under the holding of *In re Cutler*, 168 B.R. 275 (Bankr. D. Ariz. 1994), the Trustee has the right and obligation to sell the partnership interest regardless of any provision in the

Partnership Agreement purporting to limit or modify that right because 11 U.S.C. section 363(l) invalidates restrictions based on insolvency that effect a modification or a forfeiture of a debtor's interest in property. This latter issue, however, need not be addressed here because the partnership's and partners' right to purchase the property expired by its terms.

The parties consistently refer to the option to purchase in Paragraph 12 as a right of first refusal: The language of the Partnership Agreement is quite clear that this is an option to purchase. The distinction is important. A right of first refusal means that the partnership or its partners would have the right to *match* an offer of a third party purchaser identified by the withdrawing partner – here the Trustee by way of Debtor's bankruptcy. Presumably, as argued by Ms. Pence, the price, terms and identity of the buyer would not be known until after the Trustee finalized its sale procedures. The option to purchase, however, is different and does not grant the partnership or the partners the opportunity to match an offer brought to the table by a third party through the withdrawing partner or, as in this case, the Trustee. Instead, the option here has an express time limit on it and does not rely on the presentation of a third party purchaser. The option specifically grants the partnership and its partners two months from notice of the withdrawing partner's intent to withdraw to make an offer.

In this case, Debtors filed for bankruptcy on May 4, 2004. There was no election to purchase within the two months following Debtors' filing. While there is some question as to whether the partnership and remaining partners were properly put on notice that the time for making such an election had begun running, they clearly were on notice once the Trustee sought offers from the partnership and its partners by letter dated February 10, 2005. At this time, the partnership and partners were aware of the bankruptcy and that a withdrawal from the partnership had been effectuated under the terms of the Partnership Agreement. No election to purchase was received within the two months following the February 10, 2005, letter. In fact, no offer from the partnership or its partners was forthcoming until March 3, 2006, – over a year later.

At that point, the partnership and the partners were simply bidders like everyone else. Their favored position no longer existed. The sale of the interest on April 8, 2006, went to the

highest bidder, which was not the partnership or any of its partners. They elected not to bid.

Therefore, for the foregoing reasons, the Ms. Pence's objection is overruled and the sale is confirmed. Counsel for the Trustee is to lodge a form of order consistent with this decision for the Court's signature.

So ordered.

**DATED:** June 12, 2006

CHARLES G. CASE II
UNITED STATES BANKRUPTCY JUDGE

**COPY** of the foregoing served by the BNC to:

Steve Brown & Associates, LLC
Steven J. Brown
Steven D. Nemecek
1414 E. Indian School Rd., Suite 200
Phoenix, Az. 85014
Attorneys for Trustee

James Kahn
James F. Kahn, PC
301 E. Bethany Home Road, Suite C-195
Phoenix, Az. 85012
Attorneys for Debtors and Objecting party Kathryn G. Pence

Office of the U.S. Trustee
230 N. First Avenue, Suite 204
Phoenix, Az. 85003-1706

Maureen Gaughan
P.O. Box 6729
Chandler, Az. 85246-6729
Chapter 7 Trustee